UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

**Justin Carey**; **JoBeth Deibel**; **David Gaston**; **Roger Kinney**; and **Keith Sanborn**, as individuals, and on behalf of all others similarly situated,

    Plaintiffs,

v.

**Jay Inslee**, in his official capacity of Governor of the State of Washington; **David Schumacher**, in his official capacity as director of the Office of Financial Management; and **Washington Education Association**,

    Defendants.

Case No. _____

**Plaintiffs' Class-Action Complaint**

1  Justin Carey, JoBeth Deibel, David Gaston, Roger Kinney, and Keith Sanborn are
2  public-school teachers who bring this class action on behalf of themselves and all others
3  similarly situated, seeking redress for the defendants' past and ongoing violations of their

PLAINTIFFS' CLASS-ACTION COMPLAINT
CASE NO. _____
PAGE 1 OF 10

FREEDOM FOUNDATION
P.O. Box 552
Olympia, WA 98507
(360) 956-3482

constitutionally protected rights. The defendants have violated the representative plaintiffs' constitutional rights by forcing them to pay compulsory "agency fees" to the Washington Education Association as a condition of their employment, even though the representative plaintiffs do not belong to this union and do not wish to subsidize the union's activities. The representative plaintiffs seek a refund of all unlawfully collected agency fees, an injunction that forbids the defendants to collect union fees from nonmembers without their consent, and costs and attorneys' fees under 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

3. Venue is additionally proper because the all of the defendants are residents of Washington and at least one of the defendants resides in this judicial district. *See* 28 U.S.C. § 1391(b)(1).

4. Because claims arose in Thurston County, assignment to the Tacoma Division is proper. *See* Local Civil Rule 3(e)(1).

## PARTIES

5. Plaintiff Justin Carey resides in Franklin County, Washington.

6. Plaintiff JoBeth Deibel resides in Spokane County, Washington.

7. Plaintiff David Gaston resides in Thurston County, Washington.

8. Plaintiff Roger Kinnery resides in Skagit County, Washington.

9. Plaintiff Keith Sanborn resides in Whatcom County, Washington.

FREEDOM FOUNDATION
P.O. Box 552
Olympia, WA 98507
(360) 956-3482

10. Defendant Jay Inslee is the Governor of the State of Washington. His office is in Olympia, Washington. Governor Inslee is the representative of the State and is sued in his official capacity.

11. Defendant David Schumacher is the Director of the Washington State Office of Financial Management. He is charged with negotiating and enforcing collective-bargaining agreements on behalf of the governor pursuant to RCW 41.80.010. These responsibilities are handled by the Labor Relations Division of the Office of Financial Management, over which Schumacher exerts direct authority. He is sued in his official capacity.

12. Defendant Washington Education Association (WEA) is a labor union whose offices are located at 32032 Weyerhauser Way South, Federal Way, WA, 98001-9687.

## STATEMENT OF THE CLAIM

13. Mr. Carey is a public-school teacher employed by the Pasco School District, in a local bargaining unit affiliated with the Washington Education Association. He has taught in the Washington public schools for nearly 16 years. Mr. Carey refuses to join the WEA or its affiliates.

14. Ms. Deibel is a public-school teacher employed by the Central Valley School District, in a local bargaining unit affiliated with the Washington Education Association. She has taught in the Washington public schools for nearly 30 years. Ms. Deibel refuses to join the WEA or its affiliates because these entities endorse and advocate moral and political views that are contrary to Ms. Deibel's beliefs.

15. Mr. Gaston is a public-school teacher employed by the Olympia School District, in a local bargaining unit affiliated with the Washington Education Association. He has taught in the Washington public schools for nearly 30 years. Mr. Gaston refuses to join the WEA or its affiliates because of their support for political candidates and issues that are contrary to his beliefs.

FREEDOM FOUNDATION
P.O. Box 552
Olympia, WA 98507
(360) 956-3482

16. Mr. Kinney is a public-school teacher employed by the Burlington-Edison School District, in a local bargaining unit affiliated with the Washington Education Association. He has taught in the Washington public schools for nearly 29 years. Mr. Kinney refuses to join the WEA or its affiliates because of their support for political causes that contravene his moral beliefs.

17. Mr. Sanborn is a public-school teacher employed by the Blaine School District, in a local bargaining unit affiliated with the Washington Education Association. He has taught in the Washington public schools for nearly 14 years. Mr. Sanborn refuses to join the WEA or its affiliates and believes that membership in any union should be voluntary.

18. Even though none of the representative plaintiffs are members of the Washington Education Association or their local bargaining unit, each of them is compelled to pay an "agency fee" to the Washington Education Association as a condition of their employment. *See* RCW 41.59.060; RCW 41.59.100; RCW 28B.52.045 (attached as Exhibit 1); Letter from Armand L. Tiberio, Executive Director of WEA, to Agency Fee Payers (December 8, 2017) (attached as Exhibit 2).

19. The representative plaintiffs do not wish to pay this "agency fee" because they disapprove of the Washington Education Association's activities and do not wish to subsidize them in any way. The compelled subsidy that the representative plaintiffs and their fellow class members must pay to the Washington Education Association as a condition of their employment violates their constitutional rights.

20. Although the Washington Education Association allows nonmembers to seek partial refunds of their compelled agency fees and allows them to insist that their contributions will be used only to support the union's collective-bargaining activities, this does not alleviate the defendants' constitutional violations. *See* Exhibit 2 at 2–4. A public-employee union's collective-bargaining activities are no less political than its lobbying

PLAINTIFFS' CLASS-ACTION COMPLAINT
CASE NO. _____
PAGE 4 OF 10

FREEDOM FOUNDATION
P.O. Box 552
Olympia, WA 98507
(360) 956-3482

and electioneering activities, as all of these actions are directed at the government and seek to influence government policy. *See Harris v. Quinn*, 134 S. Ct. 2618, 2632–33 (2014). In addition, money is fungible, so when the representative plaintiffs and their fellow class members are forced to subsidize WEA's collective-bargaining activities, they are freeing up resources for WEA to spend on political and ideological activities. Finally, the representative plaintiffs do not wish to subsidize *any* of WEA's activities, and their compelled support of WEA's collective-bargaining activities is no less an affront to the plaintiffs as their compelled support of WEA's political and ideological advocacy.

21. The Washington Education Association, along with defendants Schumacher and Inslee, is acting under color of state law by imposing and collecting these unconstitutional agency fees. *See* RCW 41.59.060; RCW 41.59.100; RCW 28B.52.045 (attached as Exhibit 1).

22. The Supreme Court's ruling in *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977), which upheld the constitutionality of public-employee union shops and the forced imposition of "agency fees" on non-union members, has been so undermined by subsequent Supreme Court rulings and doctrinal developments that it need not be regarded as binding precedent, even though the Supreme Court has yet to explicitly overrule that decision. *See, e.g.*, *Harris v. Quinn*, 134 S. Ct. 2618, 2632–34 (2014) (criticizing *Abood*'s analysis as "questionable on several grounds" and claiming that *Abood* "seriously erred" and "fundamentally misunderstood" the earlier decisions of the Court). In the same-sex marriage litigation, the vast majority of federal district courts and federal appellate courts disregarded the holding of *Baker v. Nelson*, 409 U.S. 810 (1972), and decided to recognize a constitutional right to same-sex marriage — even though the Supreme Court did not overrule *Baker* until its pronouncement in *Obergefell v. Hodges*, 135 S. Ct. 2584, 2605 (2015). *See, e.g.*, *Bostic v. Schaefer*, 760 F.3d 352, 375

plaintiffs' class-action complaint
case no. _____
page 5 of 10

Freedom Foundation
P.O. Box 552
Olympia, WA 98507
(360) 956-3482

(4th Cir. 2014) ("[W]e decline to view *Baker* as binding precedent"); *Waters v. Ricketts*, 48 F. Supp. 3d 1271, 1284 (D. Neb. 2015) ("Doctrinal developments since the *Baker* case indicate the Supreme Court's summary ruling in *Baker* is no longer reliable or binding."); *Searcy v. Strange*, 81 F. Supp. 3d 1285, 1287 (S.D. Ala. 2015) (refusing to follow *Baker* because "Supreme Court decisions since *Baker* reflect significant 'doctrinal developments' concerning the constitutionality of prohibiting same-sex relationships" (citation omitted)). There are other examples of lower courts that disregard Supreme Court precedent after concluding that a previous ruling no longer enjoys the support of five justices—and the Supreme Court has affirmed those rulings without criticizing the lower court for anticipating the Supreme Court's repudiation of its earlier ruling. *See Simmons v. Roper*, 112 S.W.3d 397 (Mo. 2003) (declaring the juvenile death penalty unconstitutional and refusing to follow *Stanford v. Kentucky*, 492 U.S. 361 (1989)), *aff'd by Roper v. Simmons*, 543 U.S. 551 (2005); *United States v. Booker*, 375 F.3d 508, 513 (7th Cir. 2004) (Posner, J.) (declaring the federal sentencing guidelines unconstitutional even though this contradicted the Supreme Court's holding in *Edwards v. United States*, 523 U.S. 511 (1998)), *aff'd and remanded by United States v. Booker*, 543 U.S. 220 (2005).

23. The representative plaintiffs are bringing suit at this time to preserve the class members' ability to seek retrospective relief against the defendants for as far back as the statute of limitations will allow.

## CLASS ALLEGATIONS

24. The representative plaintiffs bring this class action under Fed. R. Civ. P. 23(b)(1), (b)(2), and (b)(3). The class comprises all individuals who: (1) are or previously were employed by the State of Washington or by any public school or school district located in the State of Washington; (2) have had any union agency fees deducted

plaintiffs' class-action complaint
case no. _____
page 6 of 10

Freedom Foundation
P.O. Box 552
Olympia, WA 98507
(360) 956-3482

from the money paid to them by their employer and remitted to WEA or its affiliates; and (3) have chosen not to become members of WEA by not signing membership cards or by choosing to become agency fee payers. The class includes everyone who comes within the class definition at any time until the conclusion of this action.

25. The number of persons in the class makes joinder of the individual class members impractical.

26. There are questions of fact and law common to all class members. Factually, all class members are public employees and union nonmembers compelled to pay agency fees to WEA as a condition of employment. Legally, the U.S. Constitution affords the same rights under the First Amendment to every member of the class.

27. The representative plaintiffs' claims are typical of other members of the class, because each member of the class has objected to WEA membership yet is forced by state law and contract provisions to financially support WEA and its inherently political activities.

28. The representative plaintiffs adequately represent the interests of the class, and they have no interests antagonistic to the class. Moreover, the undersigned counsel represent the plaintiffs and the class pro bono and are employed by a long-established charitable organization experienced in representing unionized public and partial-public employees whose constitutional rights have been violated.

29. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

30. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of compulsory agency fees will, as a practical matter, be dispositive of the interests of all class members.

PLAINTIFFS' CLASS-ACTION COMPLAINT
CASE NO. _____
PAGE 7 OF 10

FREEDOM FOUNDATION
P.O. Box 552
Olympia, WA 98507
(360) 956-3482

31. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all class members are subjected to the same violation of their constitutional rights, but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

## CAUSES OF ACTION

32. The representative plaintiffs and their fellow class members bring suit under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the relief that they are requesting.

## DEMAND FOR RELIEF

33. The representative plaintiffs respectfully request that the court:

    a.    certify a class of all nonunion members in the State of Washington who have been forced to pay "agency fees" to the Washington Education Association or its affiliates as a condition of their employment;

    b.    declare that the statutes, laws, and collective-bargaining agreements that compel the representative plaintiffs and their fellow class members to pay "agency fees" to the Washington Education Association or other collective-bargaining entities as a condition of their employment, such as RCW 41.59.060, RCW 41.59.100, and RCW 28B.52.045, violate the constitutional rights of the representative plaintiffs and their fellow class members;

PLAINTIFFS' CLASS-ACTION COMPLAINT
CASE NO. _____
PAGE 8 OF 10

FREEDOM FOUNDATION
P.O. Box 552
Olympia, WA 98507
(360) 956-3482

c. certify a class of all nonunion members in the State of Washington who have been forced to pay "agency fees" to the Washington Education Association or its affiliates as a condition of their employment;

d. order the Washington Education Association to disgorge and refund all "agency fees" that were unlawfully collected from the representative plaintiffs and their fellow class members, along with pre-judgment and post-judgment interest;

e. permanently enjoin the Washington Education Association, along with its officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with it, from collecting "agency fees" or any other type of money from nonmembers without their consent;

f. permanently enjoin defendants Schumacher and Inslee, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing RCW 41.59.060, RCW 41.59.100, RCW 28B.52.045, or any other law or collective-bargaining agreement, to the extent that such law or collective-bargaining agreement requires the payment of money to a labor union or collective-bargaining entity as a condition of employment;

g. permanently enjoin the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing any law, policy, or collective-bargaining agreement that prevents or deters employees from can-

PLAINTIFFS' CLASS-ACTION COMPLAINT
CASE NO. _____
PAGE 9 OF 10

FREEDOM FOUNDATION
P.O. Box 552
Olympia, WA 98507
(360) 956-3482

1 celing or revoking their membership in the Washington Education Asso-
2 ciation or their future provision of "agency fees" or any other type of
3 money to the Washington Education Association;
4    h.    award costs and attorneys' fees under 42 U.S.C. § 1988;
5    i.    grant all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

 /s/ Jonathan F. Mitchell  
Jonathan F. Mitchell  
State Bar No. 52483  
559 Nathan Abbott Way  
Stanford, California 94305  
(650) 723-1397  
jfmitche@stanford.edu  

 /s/ David M.S. Dewhirst  
David M.S. Dewhirst  
State Bar No. 48229  
Freedom Foundation  
P.O. Box 552  
Olympia, Washington 98507  
(360) 956-3482  
ddewhirst@freedomfoundation.org  

 /s/ Hannah S. Sells  
Hannah S. Sells  
State Bar No. 52692  
Freedom Foundation  
P.O. Box 552  
Olympia, Washington 98507  
(360) 956-3482  
hsells@freedomfoundation.org  

*Counsel for Plaintiffs and the Proposed Class*

Dated: March 15, 2018

plaintiffs' class-action complaint  
case no. _____  
page 10 of 10  

Freedom Foundation  
P.O. Box 552  
Olympia, WA 98507  
(360) 956-3482